UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-05177-SVW-PLA | Date | September 30, 2015 |
|---|---|---|---|
| Title | Roger L. Culberson II, et al v. Walt Disney Parks and Resorts, et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING PLAINTIFFS MOTION TO REMAND [19]

On November 1, 2013, plaintiff Roger Culberson brought a putative class action ("Complaint") against The Walt Disney Company in state court.  (Dkt. 1-2.)  The initial complaint alleged violations of the Fair Credit Reporting Act ("FCRA") and California Labor Code § 432.7(a), based on the use of arrest records in a background check to rescind an offer of employment.  (Compl. ¶¶ 55-64.) Approximately one year after filing the original complaint, Culberson filed a First Amended Complaint ("FAC"), adding plaintiff Edward Joseph III (collectively, "Plaintiffs"), and changing the named defendant to Walt Disney Parks & Resorts, Inc. ("Defendant").  (*See* Dkt. 25-2.)  The FAC also alleged violations of the FCRA and § 432.7(a).  (Dkt. 2-2.)  Finally, in June 2015, Plaintiffs filed a Second Amended Complaint ("SAC") alleging only violations of the FCRA.  (Dkt. 25-1.)

Defendant removed the case to this Court on July 9, 2015, pursuant to the Class Action Fairness Act ("CAFA").  (Dkt. 1.)  On August 10, 2015, Plaintiffs moved to remand the case to state court, arguing that Defendant's removal was untimely under the theory that Defendant could have ascertained that the action was removable from: (1) the face of the Complaint or FAC, (2) special interrogatories, or (3) the date the state court signed the Proposed Order that deemed the SAC filed.  (Dkt. 19.)

For the reasons stated below, the motion to remand is GRANTED.

**Factual Background**

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-05177-SVW-PLA | Date | September 30, 2015 |
|---|---|---|---|
| Title | *Roger L. Culberson II, et al v. Walt Disney Parks and Resorts, et al* | | |

*Original Complaint*

As discussed above, Culberson filed his original Complaint on November 1, 2013. (*See* Dkt. 1-2.) The Complaint alleged that Disney "knowingly violated 15 U.S.C. § 168lb(b)(3) and 15 U.S.C. § 168lm(a) by failing to provide its job applicants and employees with pre-adverse action and adverse action notices as well as failing to provide with its job applicants with a copy of their consumer reports." (Compl. ¶ 12.) Culberson specifically alleged that he did not receive a copy of a report generated as a part of his background check and did not receive a pre-adverse action or adverse action report. (*Id.* ¶¶ 26-28.) The proposed class consisted of "thousands of employees and prospective employees." (*Id.* ¶ 49.) Culberson sought a statutory penalty of up to $1,000 per FCRA violation, punitive damages for willful FCRA violations, and costs and attorney's fees. (*Id.* at 12.)

*First Amended Complaint*

The FAC was filed around November 26, 2014. (*See* Dkt. 25-2.) The content of the FAC was substantially similar to the Complaint except that it added a new plaintiff, Joseph. Unlike Culberson, Joseph alleged that he had received a pre-adverse action notice but that it came after the decision to rescind his offer of employment had already been made. (FAC ¶¶ 50-51.)

*Second Amended Complaint*

<u>Substance</u>

The SAC attacked Defendant's disclosure practices for the first time. (*See* SAC ¶¶ 24-30, 54-58.) Culberson and Joseph each alleged that around two weeks after they were given a conditional offer of employment, they were given background check consent forms that did not meet the FCRA's "standalone disclosure" requirement. (*Id.* ¶¶ 22-26, 53-56.) Based on these new allegations, the Plaintiffs also changed the class definition. Plaintiffs redefined the class as:

> All natural persons residing in the United States who, within two years from the filing of this action, were the subject of a consumer report prepared at the request of DISNEY for employment purposes and who were not provided a clear and conspicuous disclosure consisting solely of the disclosure that a consumer report for employment services may be obtained.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05177-SVW-PLA | Date | September 30, 2015 |
|---|---|---|---|
| Title | *Roger L. Culberson II, et al v. Walt Disney Parks and Resorts, et al* | | |


(*Id.* ¶ 66.)   Plaintiffs sought a statutory penalty of up to $1,000 per FCRA violation, punitive damages for willful FCRA violations, and costs and attorney's fees.   (*Id.* at 16.)

Timing

The parties substantially agree on the timing surrounding the filing of the SAC.   The timing can be summarized as follows:

- June 5, 2015:
    - The parties finalized and signed a stipulation and Proposed Order for leave to file a SAC. (Dkt. 6-3.)
        - The stipulation read: "IT IS HEREBY STIPULATED by and between the appearing parties, Plaintiffs ROGER L. CULBERSON and EDWARD JOSEPH III (hereafter as "PLAINTIFFS") and Defendant WALT DISNEY PARKS AND RESORTS U.S., by and through their attorneys of record, that PLAINTIFFS shall be granted leave to file a Second Amended Complaint in the form attached hereto as Exhibit A.
        - The Proposed Order stated: "Having considered the stipulation regarding the agreement to allow PLAINTIFFS to file their Second Amended Complaint, the Court hereby Orders that PLAINTIFFS have leave to file their Second Amended Complaint without the need of a formal motion.   The attached Second Amended Complaint is hereby deemed flied.
        - The state court stamped the Stipulation and Proposed SAC as "RECEIVED Central Civil West June 05 2015."
    - The stipulation and Proposed Order was served on both parties at 12:28 PM through the Case Anywhere service. (Dkt. 19-7.)
- June 8, 2015: The Honorable Jane Johnson signed the Proposed Order.   (*See* Dkt. 6-3.)
- June 12, 2015: The signed Order was stamped as "FILED."   (Dkt. 21-2.)
- June 22, 2015: Counsel for Defendant contacted the state court to inquire about the Order.   The clerk informed counsel that the Order had been filed, but informed counsel for Defendant that Plaintiffs must file a stand-alone version of the Second Amended Complaint. (Dkt. 21, 19.)

          :

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05177-SVW-PLA | Date | September 30, 2015 |
|---|---|---|---|
| Title | *Roger L. Culberson II, et al v. Walt Disney Parks and Resorts, et al* | | |

- June 23, 2015: Counsel for Defendant asked counsel for Plaintiffs for a file-stamped copy of the SAC, showing that it was filed.   (*Id.*)
- July 8, 2015, another copy of the SAC was filed, deleting the word "Proposed" from the caption page of the previously-filed version.   (Dkt. 19, 7.)   Counsel for Plaintiffs emailed a file-stamped copy of the SAC to counsel for Defendant.   (Dkt. 21, 20.)
- July 9, 2015, Defendant filed its notice of removal.   (Dkt. 19, 12; Dkt. 21, 20.)

**Legal Standard**

*Timeliness of Removal*

Under § 1146(b) there are up to two thirty-day windows when a case can be removed.   *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015).   First, a defendant has 30 days to remove after receiving an original complaint when that pleading was removable.[1]   If the initial complaint was not removable, one separate thirty-day removal window begins after receipt of the first document from which it can be ascertained that the case is removable:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

The second removal window is triggered by the occurrence of an event that first discloses that the case is or was removable.   *See Reyes*, 781 F.3d at 1189.   The Ninth Circuit employs an objective test to determine whether a document makes a case removable.   *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further

---

[1]  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."   28 U.S.C. § 1446(b)(1).

|  |  : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05177-SVW-PLA | Date | September 30, 2015 |
|---|---|---|---|
| Title | Roger L. Culberson II, et al v. Walt Disney Parks and Resorts, et al | | |

inquiry"). Thus, the thirty-day window does not open based on the subjective knowledge of a defendant with respect to the elements that make a case removable.

CAFA gives federal district courts original jurisdiction over class actions involving at least 100 class members, with minimal diversity, and an amount in controversy which exceeds $5,000,000. 28 U.S.C. § 1332(d). There is no antiremoval presumption in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). But "[t]he party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). Thus, "if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

**Discussion**

*Second Amended Complaint*

For the purposes of this motion, the parties do not contest whether the SAC establishes CAFA's three jurisdictional requirements. (*See* Dkt. 21, 1.) Instead, the parties dispute when the thirty-day removal window opened under § 1446(b)(3). Defendant argues that the removal window opened on one of three days: (1) June 12, 2015, the day the court filed the Order granting leave to file the SAC; (2) June 22, 2015, the day Defendant was informed of the existence of that signed Order on; or (3) July 8, 2015, the day Defendant received a file-stamped copy of the SAC. (Dkt. 21, 18.) Plaintiffs argue that removal of the SAC was untimely because the thirty-day period was triggered by the court's Order granting leave to file an amended complaint, signed on July 8, 2015. (Dkt. 19, 11-13.) Thus, the question is which of these events would have first triggered the Defendant's right to remove under § 1446(b)(3).

There is no binding Ninth Circuit precedent that establishes which of these dates triggers the thirty-day removal period but courts have generally followed three approaches to this issue. *Lucente S.P.A. v. Apik Jewelry, Inc.*, No. CV-07-04005 MMM RZX, 2007 WL 7209938, at *2-4 (C.D. Cal. Oct. 3, 2007) (surveying cases). Under the "minority" view, the removal window commences upon *service* of a motion to amend. *Id.* at *2-3. Under the "majority" approach, the removal window opens when the state court *grants* a plaintiff's motion to amend. *Id.* at *3-4. A third approach requires that the amended complaint was actually *filed* before the window opens. *Id.* at *4.

|  |  : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05177-SVW-PLA | Date | September 30, 2015 |
|---|---|---|---|
| Title | *Roger L. Culberson II, et al v. Walt Disney Parks and Resorts, et al* | | |

     Defendant's removal was untimely under all three of these approaches. Removal would be untimely if the Court followed the "minority" rule. The operative date under the "minority" rule was the day Plaintiffs filed the stipulation seeking leave to amend. Therefore, the stipulation served on Defendant by Case Anywhere would have opened the removal window on June 5, 2015.

     Under the "majority" rule, the removal window would have opened on July 8, 2015. In most cases, the parties will be notified of a state court's decision to grant a motion on the same day that the decision is made. But the logic of the "majority" rule does not rely on the parties' notice. The concern addressed by the "majority" rule is that a motion to amend is still contingent on a judge's discretion to deny leave to amend, not that the parties might not be aware of the grounds making the case removable. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (noting that until the judge grants the motion to amend "the state judge might deny the motion"). Thus, the "majority" rule would hold that the thirty-day removal window would have opened on July 8, 2015, the date Judge Johnson signed the Order.

     Finally, under the third approach identified in *Lucente*, the removal window would have also opened on July 8, 2015. The third approach is a slightly more formal approach than the "majority" view because it includes any delay between when a motion for leave to amend is granted and the actual filing of the amended complaint. But here there was no such delay. Judge Johnson's Order deemed the SAC filed when she granted the stipulation. As a result, Defendant's removal would have been untimely under this approach as well.[2]

     Though many courts have mentioned the defendant's notice of the operative document, few courts have required actual notice before the thirty-day window commences. Defendant argues that in *Lucente*, "Judge Morrow remanded the case because the defendant waited more than 30 days after written notice that the court signed the order to remove." (Dkt. 21, 23.) But the court's conclusion

---

[2] The cases cited by Defendant for the proposition that "[c]ourts have emphasized service, not filing, of an amended complaint is required to start the removal clock," (Dkt. 21, 20-21.) actually provide support for this date because these cases stand for the proposition that date that starts the removal period can be changed by operation of law. *Johannson v. Wachovia Mortgage FSB*, No. C 11-02822 WHA, 2011 WL 3443952, *2-3 (N.D. Cal. Aug. 5, 2011) (California Code of Civil Procedure § 1013 extends date of response by operation of law); *Student A. By & Through Mother of Student A. v. Metcho*, 710 F. Supp. 267, 268-69 (N.D. Cal. 1989) (same).

                                                                                    :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05177-SVW-PLA | Date | September 30, 2015 |
|---|---|---|---|
| Title | Roger L. Culberson II, et al v. Walt Disney Parks and Resorts, et al | | |

was based on an application of the "majority" rule.   *Lucente*, 2007 WL 7209938, at *5.   The court only mentioned the later date, when the defendant received notice that the court had signed the Order on the stipulation and filed the amended complaint, to explain why the conclusion that the thirty-day window had closed was "particularly appropriate" given the defendant's notice that the plaintiff sought to add a federal claim, filed a stipulation and amended complaint, and received notice that the Order had been signed.   *Id.* at *5.

This Court is faced with the decision that was unnecessary in *Lucente*.   The defendant in *Lucente* would have prevailed only if the court required "formal service" of the amended complaint before opening the removal window.   *See id.* at *2.   Unlike in *Lucente*, Defendant was not informed by the state court that the Order had been signed until many days after it had been signed and filed. (*See* Dkt. 21, 19.)   While it is true that at least one case has required actual service on a defendant before the removal window opened, *Miller v. Stauffer Chem. Co.*, 527 F. Supp. 775, 777 (D. Kan. 1981), the Court sees no reason to depart from the view that is "generally followed" by the courts in the Ninth Circuit.   *Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011).   Following the "majority" rule, the outcome of this motion is clear, and it is also fair.   This is not a case where the defendant was unaware that the plaintiff intended to add claims that would make the case removable or was unaware that the stipulation and amended complaint had been filed with the state court.   Counsel for Defendant signed a Proposed Order containing the SAC on June 8, 2015, that would become effective on the date of signature but did not inquire about the status of the Order until June 22, 2015. These are not circumstances that call for application of a different rule.[3]

**Order**

For the aforementioned reasons, the Plaintiffs' motion for remand is GRANTED.[4]

---

[3] Though not cited for this proposition by either party, the Court is aware that under *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178 (9th Cir. 2015), it must give CAFA provisions a "liberal construction" when it interprets removal jurisdiction.   781 F.3d at 1184.   However, given that there is no binding authority supporting Defendant's interpretation of § 1446(b)(3), and the weight of authority is against their interpretation, the Court need not apply a presumption for or against jurisdiction to reach the conclusion that removal was untimely.

[4] Because the Court decides that removal of the SAC was untimely, it does not consider whether any prior papers triggered the thirty-day removal window.

|  | : |
|---|---|
| Initials of Preparer | PMC |